**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**PAUL HORSTMAN,**

    **Plaintiff,**

**v.**                                       **Case No.  8:06-cv-463-T-30MAP**

**ALLSTATE INSURANCE COMPANY,**
**a foreign corp.,**

    **Defendant.**
_____/

**ORDER**

THIS CAUSE comes before the Court *sua sponte*.  This case was removed to this Court on March 16, 2006.  In the Complaint, Plaintiff asserts a bad faith lawsuit against Defendant Allstate Insurance Company for Allstate's alleged failure to pay to Plaintiff the proceeds of an insurance policy held by Mr. James Joyce.[1]  In response, Defendant filed a Motion to Dismiss arguing, among other things, that Plaintiff's Complaint should be dismissed or abated because Defendant was seeking to overturn the final judgment entered in the underlying state case (Dkt. 3).[2]  On June 30, 2006, this Court entered an order placing

---

[1] According to the allegations in the Complaint, Plaintiff was involved in a car accident with Mr. Joyce on August 18, 1997 (Dkt. 2).  Pursuant to the terms of the policy, a person who obtained a judgment against an insured was entitled to sue Allstate up to the limits of the policy.  Id.  The Complaint alleges that a final judgment was entered against Mr. Joyce on November 16, 2005.  Id.  The policy also states, "[n]o one other than such insured may bring suit against us prior to first obtaining a judgment against an insured for damages covered under this policy."  Id.

[2] Defendant argues in its Motion that the final judgment entered by the state court is either void or voidable because at the time Plaintiff filed his suit, Mr. Joyce was deceased and his failure to respond to the Complaint is excusable neglect. (Dkt. 3).

the case in abeyance until such time as the parties notified this Court as to the status of the underlying state court case (Dkt. 7).

On July 20, 2006, Defendant filed a Notice of Filing State Court Order Vacating Judgment (Dkt. 8), attaching a copy of the State Court Order vacating the Final Judgment entered on November 16, 2005 (Dkt. 8, Ex. 2). As no final judgment has been entered against the insured in this case, this Court lacks subject matter jurisdiction to determine Plaintiff's bad faith claim. See General Accident Insurance Company of America v. Shah, 2001 WL 273244 at 3 (M.D. Fla. 2001) (citations omitted).

It is therefore ORDERED AND ADJUDGED that:

1. This case is **dismissed**.

2. All pending motions are denied as moot.

3. The Clerk is directed to close this case.

**DONE** and **ORDERED** in Tampa, Florida on September 27, 2006.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Odd\2006\06-cv-463 - Dismissal for lack of SM Jurisdiction.frm